IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RUTHERFORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIVE NORTHERN | : | |
| INSURANCE COMPANY | : | NO. 08-4850 |

MEMORANDUM AND ORDER

McLaughlin, J.                              December 8, 2008

This is a dispute over insurance coverage, originally
filed in state court and removed to this Court on the basis of
diversity.  The plaintiff has objected to removal on the ground
that the amount in controversy is not met.  For the reasons that
follow, this Court will remand.

In this suit, plaintiff Charles Rutherford brings state
law claims against his auto insurer, Progressive Northern
Insurance Company ("Progressive Northern"), for its failure to
pay him the full amount of his underinsured motorist coverage.
According to his complaint, Rutherford was in a two-car accident
in July 2005.  He was injured and incurred medical expenses, pain
and suffering, and lost wages.  With the consent of Progressive
Northern, Rutherford settled with the other driver for the limits
of that driver's policy: $50,000.  Because Rutherford's injuries
were allegedly greater than $50,000, he then sought to recover
underinsured motorist benefits under his policy in the amount of

the policy limits of $15,000, but Progressive Northern refused.[1]
On the basis of this refusal, Rutherford brings claims for breach
of contract, bad faith, and violations of the Pennsylvania Unfair
Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et
seq., the Pennsylvania Motor Vehicle Financial Responsibility
Law, 75 Pa. C.S.A. § 1731 et seq., and the Pennsylvania Unfair
Insurance Practices Act, 40 P.S. 1171.1 et seq.

       This action was originally filed in the Court of Common
Pleas for Philadelphia County, but was removed by Progressive
Northern on the basis of diversity.  The notice of removal states
that Rutherford is a citizen of Pennsylvania and Progressive
Northern is a citizen of Ohio.

       The notice of removal was filed October 10, 2008.  On
October 29, Rutherford filed objections to the notice of removal,
arguing that the case should be remanded for failure to meet the
$75,000 amount in controversy required for diversity
jurisdiction.  Rutherford argued that the civil coversheet to his
complaint stated that the amount in controversy in his suit was

---

       [1]    Progressive Northern's notice of removal states that
Rutherford's claim for "underinsured motorist benefits settled
for $6,000."  It is not clear what this means.  It may mean that
Progressive Northern paid $6,000 on its underinsured motorist
policy, but declined to pay the remaining $9,000 of coverage.  If
this is the case, the coverage at issue in this suit would be
only $9,000, not $15,000.  The Court need not resolve this issue
to decide whether the case should be remanded.  For the reasons
stated below, whether the unpaid coverage at issue is $9,000 or
$15,000, the amount in controversy requirement is not met.

$50,000 or less.  The Court then ordered Progressive Northern to show cause why the case should not be remanded.  Progressive Northern filed a brief in opposition to remand, which argued that a reasonable reading of the claims in the complaint showed the amount in controversy to be greater than $75,000, and noted that Rutherford had refused to agree to a stipulation limiting his damages to less than $75,000.

The Court will remand the case for failure to meet the necessary amount in controversy.  Rutherford's limitation of the amount in controversy on the cover sheet to his complaint and the subsequent referral of his suit to compulsory arbitration in state court served to limit the amount in controversy in this matter to $50,000.

In order for the Court to have diversity jurisdiction over this matter, the amount in controversy must be greater than $75,000.  28 U.S.C. § 1332(a).  Progressive Northern, as the party seeking to establish jurisdiction, has the burden of proving "to a legal certainty that the amount in controversy exceeds the statutory minimum."  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004).  Any doubts concerning the amount in controversy are to be resolved in favor of remand.  Id. at 403.

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." Samuel-Basset, 357 F.3d at 398-99. Read without reference to the limitation on the coversheet or the referral to compulsory arbitration, the allegations of the complaint might support an amount in controversy greater than $75,000.

The amount of coverage at issue appears to be the $15,000 limit of the policy.[2] The complaint, however, also seeks punitive damages. Claims for punitive damages, unless "patently frivolous and without foundation," count against the amount-in-controversy requirement. Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004). Here, Pennsylvania law authorizes punitive damages for bad faith claims. See 42 Pa. C.S.A. § 8371; Willow Inn, Inc. v. Public Service Mut. Ins. Co., 399 F.3d 224 (3d Cir. 2005) (upholding a punitive damage award for an insurer's bad faith in knowingly or recklessly denying an insured's claim). Although punitive damages are ordinarily limited to a single digit ratio between punitive and compensatory damages, Willow Inn at 234, here a punitive award of four times the $15,000 policy limit, added to the policy limit itself, would satisfy the amount in controversy.

---

[2]     As discussed above at footnote 1, statements in Progressive Northern's notice of removal indicate that the amount of coverage that remains unpaid may be only $9,000. For purposes of analyzing the amount in controversy, the Court will assume the entire policy of $15,000 remains at issue.

-4-

Although the compensatory and punitive damages sought in the complaint could otherwise total over $75,000, the language of the complaint's cover sheet and the consequent referral to state court compulsory arbitration serve to limit the amount in controversy.  The cover sheet contains a check box in which Rutherford indicated that the amount in controversy was "$50,000 or less."  None of the allegations of Rutherford's complaint contradict the cover sheet's limitation of the amount in controversy.  The complaint says that Rutherford is entitled to recover the full amount of his underinsured motorist coverage "which is an amount of not less than $15,000" and, for each of his claims, requests an amount that will "reasonably and properly compensate" him.

As a result of the cover sheet's designation, this case was designated for compulsory arbitration in state court. Compulsory arbitration is a statutorily-created process, limited in Philadelphia County to cases with an amount in controversy less than $50,000.  42 Pa. C.S.A. § 7361; Pa. R. Civ. P. 1021(c); Phila. Local R. of Civ. P. 1301.  Under state law, the amount-in-controversy requirement for compulsory arbitration is jurisdictional.  Robert Half Int'l Inc. v. Marlton Tech., Inc., 902 A.2d 519, 529-30 (Pa. Super Ct. 2006).

This Court has previously considered the effect of a plaintiff's limitation of his amount in controversy to less than

the $50,000 threshold for compulsory arbitration.  See Espinosa
v. Allstate Ins. Co., No. 07-cv-0746, 2007 WL 1181020 at *3-4
(E.D. Pa. April 16, 2007); Punzak v. Allstate Ins. Co., No. 07-
cv-1052, 2007 WL 1166087 at *3-4 (E.D. Pa. April 16, 2007).

        In both Espinosa and Punzak, this Court found that,
where a plaintiff had expressly limited his claims to below the
jurisdictional threshold for compulsory arbitration, that
limitation would be given effect by Pennsylvania law and so allow
the plaintiff "'to avoid the amount in controversy threshold' for
federal diversity jurisdiction."  Espinosa at *4; Punzak at *4
(both quoting Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006);
see also Howard v. Allstate Ins. Co., No. 06-4017, 2006 WL
2818479 at *2 (E.D. Pa. Sept. 28, 2006) ("Defendant cannot meet
its burden of establishing to a legal certainty that the amount
in controversy exceeds $75,000 because Plaintiff's damages are
capped at $50,000 under the compulsory arbitration statute.")
(collecting cases).

        The Court adopts the reasoning of Punzak and Espinosa
here and finds that Rutherford, by designating his claims for
compulsory arbitration, has limited the amount in controversy in
his claims below that required for federal diversity
jurisdiction.

        Progressive Northern's statement that Rutherford has
refused to execute a stipulation limiting his damages to less

-6-

than $75,000 does not affect the amount in controversy.  The amount in controversy in this matter is established by the express limitation in Rutherford's cover sheet that he seeks less than $50,000 in damages and the subsequent designation of this case for compulsory arbitration in state court.  It is not affected by Rutherford's refusal to stipulate to any additional limitations on his damages.  C.f. Espinosa at *4; Punzak at *4 (both holding that the plaintiff's refusal to agree to the defendant's requested admission that the amount in controversy was less than $75,000 did not make the case removable).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES RUTHERFORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PROGRESSIVE NORTHERN | : | |
| INSURANCE COMPANY | : | NO. 08-4850 |

<u>ORDER</u>

AND NOW, this 8th day of December, 2008, upon consideration of the Plaintiff's Objections to the Defendant's Notice of Removal (Docket No. 7) and the Defendant's Brief in Opposition to the Objections to the Notice of Removal (Docket No. 10), IT IS HEREBY ORDERED that this case shall be REMANDED to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.